**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DEVON NEWTON,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 25-CV-5616** |
| | : | |
| **FIRST JUDICIAL DISTRICT OF** | : | |
| **PENNSYLVANIA OFFICE OF** | : | |
| **COURT COMPLIANCE, *et al.*,** | : | |
| **Defendants.** | : | |

**MEMORANDUM**

**MARSTON, J.**                                                                                    **May 8, 2026**

Devon Newton commenced this civil rights action pursuant to 42 U.S.C. § 1983, alleging

that the costs imposed in his state court criminal case violate the Eighth Amendment.  Newton

also seeks leave to proceed *in forma pauperis*.  For the following reasons, the Court will grant

Newton leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice to

amendment.

**I.      FACTUAL ALLEGATIONS[1]**

Newton names as Defendants the First Judicial District of Pennsylvania Office of Court

Compliance ("OCC"), OCC Clerk Valerie Lipford, several unnamed OCC employees, and his

OCC payment plan.  (Doc. No. 1 at 1–3.)  Newton's factual allegations are rambling and at times

incoherent.  Among other things, he asserts that "the offendants/defendants acted under

Federal . . . law to have the Plaintiff pay federal reserve notes to increase the Common 'wealth'

[as a result] depriv[ing] [him] of [his] 8th Amendment & 5th Amendment [rights by] putting the

---

[1] The factual allegations are taken from Newton's Complaint (Doc. No. 2) and public dockets, which may be considered by the Court in determining whether Newton has stated a viable claim.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).  The Court adopts the sequential pagination assigned by the CM/ECF docketing system when citing the Complaint.

Plaintiff in financial double jeopardy[.]"[2]  (*Id.* at 4.)  Newton explains that the Eighth Amendment prohibits "excessive bail [and] fines, and prevents cruel and unusual financial punishment."  (*Id*. at 3.)  He contends the injury he suffered was "a dent in my pocket."  (*Id*. at 5.)  An as relief, Newton seeks "reimbursement of all the wealth/currency the Commonwealth of Pennsylvania First Judicial District of Pennsylvania Office of Court Compliance" has made from "housing [him as] a[n] inmate in a state institution."  (*Id*.)  He also seeks "$840,000 & $200,000" in punitive damages "for violating [his] 8th & 5th Amendment [rights]."  (*Id*.)[3]

## II.    MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

The Court will grant Newton leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.  *See* 28 U.S.C. § 1915(a) (stating that the Court may authorize the commencement of a lawsuit "without prepayment of fees or security" upon a showing that a prisoner is "unable to pay such fees or give security therefor").

## III.    SCREENING UNDER § 1915(E)

Because the Court grants Newton leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state "a claim on which relief may be granted."  *See id.* ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—the action or appeal fails to state a claim on which relief may be granted.").

---

[2] Newton states that the fees giving rise to his claim were imposed in *Commonwealth v. Newton*, CP-51-CR-5064-2022 (Phila. Ct. Comm. Pl.).  The publicly available docket for the case reflects that he was convicted of several crimes on September 7, 2023 by way of a nolo plea, including theft and simple assault.  *Id*.

[3] Newton checked the boxes in the form complaint, indicating that he asserts claims pursuant to both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  However, because no federal official is named as a Defendant in the Complaint Newton has no basis to assert a *Bivens* claim.

**A.      Legal Standard**

In analyzing a complaint under § 1915(e)(2)(B)(ii), we use the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  At this early stage of the litigation, the Court will accept the facts alleged in the pro se complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  However, because Newton is proceeding pro se, the Court liberally construes his allegations.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**B.      Analysis**

Newton asserts claims based on alleged violations of his constitutional rights.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Here, Newton has failed to state a plausible claim under § 1983 against any Defendant.

### 1.    Claims Against the Commonwealth

First, the OCC is part of Pennsylvania's First Judicial District within the Commonwealth of Pennsylvania's Unified Judicial System.[4]  Accordingly, it is an arm of the Commonwealth of Pennsylvania that may not be sued for damages under § 1983 because it is not considered a "person" for purposes of that provision, and because it shares in the Commonwealth's Eleventh Amendment immunity.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (holding that state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity). Newton's claims seeking damages against OCC employees in their official capacities are likewise barred because they are considered claims against the state.  *See Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").  Accordingly, Newton's claims for money damages against the OCC and its employees in their official capacities may not proceed and are dismissed with prejudice.[5]

### 2.    Individual Capacity Claims

Second, to the extent Newton seeks to assert individual capacity claims against OCC employees under the Eighth Amendment, those claims are also not plausible because Newton

---

[4] *See* https://www.courts.phila.gov/departments/courtcompliance/ (last visited: May 4, 2026).

[5] Defendant Payment Plan Number 51-2007-P000007607 will be dismissed with prejudice because a payment plan is not a person subject to suit under § 1983.

fails to allege how the financial penalty in his case was excessive or what any Defendant did to violate his constitutional rights.[6]

"The Eighth Amendment provides, in pertinent part, that "[e]xcessive bail shall not be required, nor excessive fines imposed . . . ." U.S. Const. amend. VIII (emphasis added).  This clause "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense."  *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1281 (2014) (quoting *United States v. Bajakajian*, 524 U.S. 321, 327–28 (1998)).  "A fine is excessive 'if it is grossly disproportional to the gravity of a defendant's offense.'" *City of Philadelphia v. DY Properties, LLC*, 223 A.3d 717, 723 n.12 (Pa. Commw. Ct. 2019) (quoting *Bajakajian*, 524 U.S. at 334).  Here, Newton does not explain how the monetary penalty imposed in his criminal case was excessive; he merely alleges that he was made to pay some unspecified amount by court order, in violation of his Eighth Amendment rights.  Because he fails to allege any facts to suggest that the fines in his case were grossly disproportional to the gravity of his offense, Newton's Eighth Amendment claim is not plausible.[7]

Further, Newton fails to allege the personal involvement of any Defendant in violating his rights.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (explaining that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be

---

[6] It is not clear from the Complaint if Newton objects to a particular cost, fine, or fee imposed in his case.  The public docket reflects that he was assessed $1,966.19 in costs and fees and ordered to pay $200 in restitution.  *See Commonwealth v. Newton*, CP-51-CR-5064-2022 (Phila. Ct. Comm. Pl.).

[7] Newton also briefly cites the Fifth Amendment (Doc. No. 2 at 4–5), but he pleads no facts in support of a Fifth Amendment claim, and simply mentions that provision, which is not sufficient to present any claim to relief.  *See Campbell v. LVNV Finding, LLC & Resurgent Capital Servs.*, No. 21cv5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (stating that a "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other") (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)).

liable); *see also Jutrowski v. Township of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct.") (quoting *Iqbal*, 556 U.S. at 677); *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) ("Personal involvement requires particular 'allegations of personal direction or of actual knowledge and acquiescence.'" (quoting *Rode*, 845 F.2d at 1207)).  Indeed, other than listing them under the "parties" section of the form complaint, Newton does not discuss the Defendants anywhere in the body of the Complaint.

Moreover, the generic way that Newton identifies some of the Defendants is insufficient to allege their personal involvement.  He refers to general groups of OCC employees based on their titles (i.e., "Supervisors," "Managers," "Case Workers").  (Doc. No. 2 at 3.)  To assert a plausible claim, Newton "cannot group all [defendants] together in broad-based categories . . . without articulating how each defendant was involved in the alleged violation of his rights." *Hernandez v. Delaware County*, No. 22cv4187, 2023 WL 349254, at *3 (E.D. Pa. Jan. 20, 2023) (citing *Lawal v. McDonald*, 546 F. App'x 107, 113 (3d Cir. 2014) (concluding that the plaintiff's collective use of the word "Defendants" failed to adequately plead which specific defendant engaged in the specific conduct alleged by the plaintiff)).  The Court will therefore dismiss the claims against these Defendants.  This dismissal is, however, without prejudice and with leave to amend.[8]

---

[8] Because Newton's factual allegations are difficult to understand, it is not clear whether the relief he seeks is available in a § 1983 action in this Court.  To the extent Newton challenges the validity of his underlying criminal conviction, his claims are barred by the favorable termination rule in *Heck*.  *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (holding that a § 1983 plaintiff may not recover "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless he or she "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]") (footnote and citation omitted).  To the extent he is only challenging the validity of the monetary fines imposed in his state criminal case, the appropriate venue to do so is likely in state court.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Newton leave to proceed *in forma pauperis* and dismiss his Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915. The Eighth Amendment claims against the OCC and its employees in their official capacities will be dismissed with prejudice.  The Eighth Amendment claims against OCC employees in their individual capacities will be dismissed without prejudice and with leave to amend.  An appropriate order follows.

---

*See Com., Dep't of Corr. v. Tate*, 133 A.3d 350, 354 (Pa. Commw. Ct. 2016) ("Moreover, the law is clear that '[w]hile in custody under sentence, the avenue to challenge the payment of criminal fines is in a direct appeal or in post[-]conviction relief under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541– 9546") (quoting *Neely v. Dep't of Corr.,* 838 A.2d 16, 19 (Pa. Commw. Ct. 2003)); *see also Beavers v. Pa. Dep't of Corr.*, 271 A.3d 535 (Table), at *5 (Pa. Commw. Ct. 2021) ("Beavers seems also to challenge the amount of the fines and costs imposed by the sentencing court.  However, 'the time to challenge the amount of a fine for inability to pay is at sentencing.'"), *abrogated on other grounds by Washington v. Pa. Dep't of Corr.*, 306 A.3d 263 (Pa. 2023)).  In an abundance of caution, however, the Court will permit Newton to file an amended complaint if he can articulate a plausible Eighth Amendment claim under the standard set forth above.